UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| STACEY MARIE GANTT, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No: 2:22-cv-00098 |
| v. | ) | |
| | ) | Judge Christopher H. Steger |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Plaintiff Stacey Marie Gantt seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of disability insurance benefits by the Commissioner of the Social Security Administration ("Commissioner") under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 13].

For reasons that follow, Plaintiff's Motion for Summary Judgment [Doc. 15] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 18] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

### II. Procedural History

On November 5, 2019, Plaintiff applied for benefits under the Act. (Tr. 15). Plaintiff's claims were denied initially as well as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before an administrative law judge. *Id.*

At an online video hearing (due to the COVID-19 pandemic) on December 9, 2021, in which Plaintiff and her attorney both participated, Administrative Law Judge Charles R. Howard (the "ALJ") heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 15, 26). The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 26).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint [Doc. 1] on August 18, 2022, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing dispositive motions, and this matter is ripe for adjudication.

### III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant has not engaged in substantial gainful activity since June 15, 2019, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, 416.971 *et seq.*).

3. The claimant has the following severe impairments: osteoarthritis; obesity; asthma; obstructive sleep apnea; depression; anxiety; posttraumatic stress disorder (PTSD); and obsessive compulsive disorder (OCD) (20 C.F.R. §§ 404.1520(c), 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1[1] (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except with no climbing of ladders, ropes, scaffolds and no more than occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, or crawling. She

---

[1] Hereinafter referred to as "The Listings."

cannot have any concentrated exposure to temperature extremes or pulmonary irritants. Mentally, the claimant can understand and remember simple instructions; maintain concentration for simple tasks; adapt to infrequent change; and have no more than occasional interaction with the public, co-workers, and supervisors.

6. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565, 416.965).

7. The claimant was born on July 6, 1973, and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. §§ 404.1563, 416.963).

8. The claimant has at least a high school education (20 C.F.R. §§ 404.1564, 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Pt. 404, Subpt. P, App. 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2019, through the date of this decision (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(Tr. at 17-26).

### IV. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result

in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's

findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

V.  Analysis

Plaintiff contends that substantial evidence does not support the ALJ's residual functional capacity ("RFC") determination because he "failed to properly evaluate the opinion of treating medical source Deanna Irick, LPC-MHSP." [Doc. 16 at 8]. Plaintiff's main specific contentions are that the ALJ: (1) improperly evaluated Ms. Irick's opinion; (2) did not properly discuss supportability; (3) improperly found Plaintiff's treatment to be conservative; and (4) erred in

considering the objective evidence. [Doc. 16 at 10-16].

### A. Evaluating Ms. Irick's Opinion

Plaintiff claims "it was improper for the ALJ to discount Ms. Irick's opinion because it in part relied on Plaintiff's subjective complaints." *Id.* at 10. Plaintiff relies on a statement from the Sixth Circuit that "[t]he report of a psychiatrist should not be rejected simply because of the . . . absence of substantial documentation." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989).

However, *Blankenship* is inapposite because the ALJ does not rely on a lack of documentation. Rather, the ALJ pointed to the conflict between the existing documentation and Ms. Irick's reliance on Plaintiff's self-reports.[2] Therefore, the ALJ did not err this regard.

### B. Supportability

Plaintiff claims "the ALJ failed to conduct a proper supportability analysis." [Doc. 16 at 10]. Plaintiff specifically states that "the ALJ did not properly considered [sic] the well-explained findings that Ms. Irick provided in narrative form." *Id.* at 11.

The ALJ is required to discuss "the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. 404.1520c(b)(2). Supportability involves how a medical source supports their own opinion through objective medical evidence and explanations. *Id.* at (c)(1).

The ALJ stated that Ms. Irick's "assertions are based largely on [Plaintiff's] self-reports and not on her clinical presentations or mental status examination that differ significantly." (Tr. 24). This clearly compares Ms. Irick's opinion with Plaintiff's clinical presentations and mental status examination. The ALJ then gave multiple examples as to how the medical record

---

[2] The ALJ stated that Ms. Irick's "assertions are based largely on [Plaintiff's] self-reports and not on her clinical presentations or mental status examination that differ significantly." (Tr. 24).

conflicted with Ms. Irick's opinion. *See id.*

Therefore, the ALJ did not fail to conduct a proper supportability analysis.

C.    **Conservative Treatment**

The ALJ found that Ms. Irick's opinion was "not proportional to the typically conservative treatment she was offered." *Id.* Plaintiff claims her "mental health treatment history [] was anything but 'conservative.'" [Doc. 16 at 12]. She states that she "had a historical diagnosis of depression, anxiety, ADHD, OCD, and PTSD." Further, she had "up to 11 medications for mental health" and "sought mental health stabilization on October 6, 2020." *Id.* at 11-12.

The Court first notes the difficulty in assigning precision to the term "conservative treatment" in the mental health realm. None of the ALJ, the Commissioner, nor Plaintiff offers a definition of the term. The Court can easily come up with examples of what would clearly be conservative or non-conservative treatment at the extremes.[3] However, the Court finds that in the mental health context, "conservative treatment" is particularly abstruse. Nonetheless, the issue must be examined.

Plaintiff's claim that her historical diagnoses undermine the ALJ's claim of conservative treatment is unpersuasive. The ALJ readily acknowledged and discussed Plaintiff's *diagnoses*[4] but found her *treatment* of those diagnoses to be conservative.

Plaintiff's claim that she had up to 11 mental health medications is more persuasive. However, the ALJ noted that "[h]er symptoms of mental health impairments showed positive response to treatment." Plaintiff's experience seeking mental health stabilization on October 6, 2020, is illustrative. The ALJ noted that Plaintiff "indicated that she had not been taking medication

---

[3] Breathing exercises to combat anxiety would clearly be conservative treatment. A ten-month hospitalization that included physical restraints to prevent harm to self and others would not be conservative.
[4] *See* Tr. 21.

for mental health impairments for over six months, and thus was having symptom exacerbation." (Tr. 22). Despite this, Plaintiff generally presented in good health and appearance and denied suicidal ideation. *Id.* Plaintiff was "discharged the subsequent day in good condition" and at a follow-up a few days later "reported that her medications were beneficial, that her moods were improved, and that her anxiety was better." *Id.*

While the issue is not clear cut, the Court finds that there is substantial evidence in the record to support the ALJ's conclusion regarding conservative treatment.

### D. Objective Evidence

Plaintiff claims that the ALJ's reliance "on a lack of 'objective evidence' as a reason for rejecting Ms. Irick's opinion" was error. [Doc. 16 at 12].

Plaintiff cites to 20 C.F.R. Part 404, Subpt. P, App'x 1, § 12.00(C)(2), which states that a claimant's reported symptoms noted by a medical source are "relevant medical evidence about your disorder." Plaintiff then points to self-reported "increased anxiety" and "inability to focus" as examples of such relevant medical evidence. [Doc. 16 at 12].

However, the ALJ did not state that self-reported evidence was not relevant. The ALJ stated that Ms. Irick's opinion on Plaintiff's inability to "function in any work environment" was "based largely on [Plaintiff's] self-reports during treatment and not on her clinical presentations or mental status examination that differ significantly." (Tr. 24). Further, the ALJ's reference to "objective evidence" is referencing Plaintiff's clinical presentations and mental status examination. "[W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989). Plaintiff's clinical presentations and mental status examination were the observations of such professionals.

Therefore, the ALJ did not err in his reliance on objective evidence.

E.  Summary

Plaintiff alleges multiple theories of error by the ALJ. While some of her arguments are supported by some evidence, they are ultimately unpersuasive. The ALJ did not err as alleged and his decision is supported by substantial evidence.

VI.  Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Summary Judgment [Doc. 15] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 18] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE